# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| JAMAL J. KIFAFI, individually and on behalf of all others similarly situated<br><br>    Plaintiff,<br><br>      v.<br><br>HILTON HOTELS RETIREMENT PLAN, *et al.*,<br><br>    Defendants. | Civil Action No. 98-1517 (CKK) |

# MEMORANDUM OPINION
(November 23, 2011)

Plaintiff Jamal J. Kifafi brought this action on behalf of himself and similarly situated individuals for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. §§ 1001 *et seq.*, in the Hilton Hotels Retirement Plan. Defendants are the Plan, the individual members of the Committee of the Plan, the Hilton Hotels Corporation, and individual Hilton officers or directors (collectively, "Defendants" or "Hilton"). On October 24, 2011, Defendants filed [269] Notice of Defendants' Proposed Plan Amendment Filed in Response to the Court's August 31, 2011 Order. Presently before the Court is Plaintiff's [274] Objections to Hilton's Proposed Plan Amendments. Defendants filed a revised proposed amendment in connection with their [279] Response to Plaintiff's Objections on November 21, 2011. For the reasons explained below, the Court finds Plaintiff's objections to Sections F.1, F.2(a), and F.2(b)(2) of Defendants' proposed amendment are well taken, and orders Hilton to

enact the amendment as revised by the Court to correct these errors.[1]  The remainder of Plaintiff's objections, to the extent they have not already been resolved by Defendants' proposed plan amendment, are hereby overruled.

## I. BACKGROUND

The long and complex factual history of this case has been detailed on numerous occasions in the Court's prior opinions.  *See, e.g., Kifafi v. Hilton Hotels Retirement Plan*, 616 F. Supp. 2d 7 (D.D.C. 2009) (summary judgment); *Kifafi v. Hilton Hotels Retirement Plan*, 736 F. Supp. 2d 64 (D.D.C. 2010) (initial remedial order); *Kifafi v. Hilton Hotels Retirement Plan*, – F. Supp. 2d –, 2001 WL 3836455 (D.D.C. Aug. 31, 2011) (final remedial order).  The relevant facts for purposes of this opinion are set forth briefly.

In ruling on the parties' cross motions for summary judgment, the Court found Hilton had violated ERISA's anti-backloading provisions by "providing inordinately low rates of accrual [of benefits] in the employee's early years of service . . . [and] concentrating the accrual of benefits in the employee's later years of service."  616 F. Supp. 2d at 23-26 (quoting *Langman v. Laub*, 328 F.3d 68, 71 (2d Cir. 2003)).  To remedy this violation, the Court ordered the parties to re-calculate benefits for the members of the relevant subclass based on the formula proposed by Defendants.  736 F. Supp. 2d at 72-73.  Defendant's proposed formula set a minimum accrual rate for benefits determined by capping the offset for Social Security benefits employed by the

---

[1] While the Court's decision is based on the record as a whole, including transcripts and the Court's prior Order, its consideration of Plaintiff's Objections has focused on the following documents and associated exhibits, in chronological order of filing: ECF No. [236] Pl. Class's Br. on Unresolved Remedial Issues; ECF Nos. [240], [244] Defs.' Unresolved Remedial Issues Resp. Br.; ECF No. [269] Notice of Defs.' Proposed Plan Amend.; ECF No. [274] Pl.'s Obj. to Hilton's Proposed Plan Amend. ("Pl.'s Obj.'); ECF No. [279] Defs.' Resp. to Pl.'s Obj. to Hilton's Proposed Plan Amend. ("Defs.' Resp."), including Attachment 1 ("proposed amend.").

plan. *See id.* at 71. During the subsequent round of briefing on outstanding remedial issues, Defendants specifically proposed the following formula for post-1981 service:

> 1.4325% of average monthly compensation ("AMC") multiplied by years of benefit service ("YBS") to a maximum of 25 years, plus 0.375% of AMC multiplied by YBS in excess of 25 years (up to 45 years), less offsets for union and New York Hotel Association ("NYHA") plan benefits that are provided for in the Plan.

Defs.' Unresolved Remedial Issues Resp. Br., ECF No. [244], at 7. Defendants proposed a similar formula for pre-1982 service, but without the adjustment for YBS in excess of 25 years. *Id.* at 8. The Court adopted Defendants' proposal for post-1981 service and further ordered Hilton to use the following formula in calculating benefits for pre-1982 service: 1.125% of AMC multiplied by YBS, less offsets for union and NYHA plan benefits that are provided for in the plan. 8/31/2011 Order at 6. The Court ordered Hilton to amend the Plan to provide benefits in accordance with these formulas. *Id.* at 7. Hilton filed Amendment 2011-1 to the Hilton Hotels Retirement Plan on October 24, 2011. *See* ECF No. [269].

## III. DISCUSSION

Plaintiff lodges essentially eight objections to Hilton's proposed amendment. For the sake of clarity, the Court shall address the objections in the order in which they appear in the proposed amendment itself. Because Defendants added several provisions to the proposed amendment in response to Plaintiff's Objections, the Court will analyze the proposed amendment as revised in Attachment 1 to Defendants' Responses.

> A. *The Reference to Fee and Incentive Awards in the Introductory Clause is Permissible*

Hilton's proposed plan amendment begins with four "WHEREAS" clauses introducing the purpose of the amendment. *See* Proposed Amend. at 1. The final clause notes in relevant

3

part that "should the Court award compensation to Plaintiff Jamal J. Kifafi, the Kifafi Litigation Plaintiff class, and/or his counsel (including, but not limited to, attorneys' fees or an incentive award) from a common fund that includes any increases that result" from the amendment, "such awards will proportionally reduce the benefits otherwise payable" under the amendment. *Id.* Plaintiff objects to this language on the basis that it improperly presumes that any incentive or fee award would be from the common fund, contrary to the attorney fee provision in ERISA. Pl.'s Obj. at 6.

Section 502(g)(1) of ERISA provides that in actions such as this, the Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." *See Bezio v. Gen. Elec. Co.*, 655 F. Supp. 2d 162, 167-78 (N.D.N.Y. 2009) (approving ERISA settlement containing fee award of $10 million, not payable out of the class recovery). However, the Court may also award attorney's fees from the common fund in ERISA litigation. *See In re Broadwing, Inc., ERISA Litig.*, 252 F.R.D. 380, 380-81 (S.D. Ohio 2006) (awarding attorney's fees of $2.53 million from the common fund). Plaintiff's counsel has indicated they intend to seek fees from the common fund. *See* Pl.'s Br. on Equit. Relief, ECF No. [211], at 38 ("After judgment is entered in this case, Class counsel intend to request a common fund fee award."); *id.* at 39 ("Class counsel also intend to request a common fund award from Hilton under the 'catalyst' theory based on the benefits that have been conferred under the Amendment 1999-1 that Hilton adopted in direct response to this litigation.").

In light of the discretion accorded the Court in awarding fees and class counsel's own statements, the "whereas" clause proposed by Hilton is appropriate. Contrary to Plaintiff's argument, the clause does not presume an award from the common fund, but rather simply notes

4

that *if* an award of fees or incentives is payable out of the common fund, the benefits payable to class members would be reduced. In drafting the proposed amendment, Defendants reasonably relied on the representations made to this point by class counsel as to what type of fees would be sought. Defs.' Resp. at 7-8. To avoid any confusion, the Court has revised the language of the clause to note that the Court may award attorney's fees and/or incentives from the common fund *or* from Hilton directly, and that an award from the common fund would proportionally reduce the benefit increases resulting from the proposed amendment. The parties have yet to make, and the Court has yet to consider any request for fees or incentive awards, and thus does not want Participants to be misled as to what type of fees or awards may be granted and the potential implications on the Participants' benefit increases under the Plan.

      B.     *Hilton Improperly Attempts to Stay the Effect of the Court's Judgment Without Moving for a Stay Pending Appeal*

Section F.1(a) of the proposed amendment states that the effective date of the amendment shall be "the later of [date of execution of the amendment], or 30 days after the entry of a final judgment in the Kifafi Litigation and the expiration of all proceedings arising out of an appeal therefrom," assuming the final judgment in this case is not "reversed, vacated, or otherwise modified." Proposed Amend. at 1-2. Section F.1(b) provides that the changes outlined in the amendment "shall be implemented as soon as administratively feasible," following the effective date proscribed in Section F.1(a). *Id.* at 2. Plaintiff objects on the basis that the Court has ordered Hilton to award back payments and commence increased benefits by no later than January 1, 2012, and that the proposed language amounts to a stay pending appeal without the formal protections of the Federal Rules of Civil Procedure. Pl.'s Obj. at 1-2. Plaintiff is particularly concerned about such a stay given Hilton's "financial trouble," and the low post-

5

judgment interest rate applicable to back payments. *Id.* at 2-3.

The Court is not persuaded by Hilton's contention that the modified effective date is "appropriate and necessary because it would be illogical and unfair for the Plan amendment to become effective at a time when the [Order] on which it is based is the subject of appellate review," (Defs.' Resp. at 2). Under this reasoning, all final judgments should be automatically stayed pending appeal, contrary to the provisions of Federal Rule of Civil Procedure 62(a), which stays final judgments for only 14 days. Plaintiff's concerns regarding Hilton's financial condition aside, the Rules place the burden on *Hilton* to seek a stay of the effect of the Court's judgment with this Court. *See* Fed. R. Civ. P. 62(d); Fed. R. App. P. 8(a)(1)(A). Moreover, the uncertainty that led the Court in *Amara v. CIGNA Corp.*, 559 F. Supp. 2d 192 (D. Conn. 2008), to issue a *sua sponte* stay pending appeal is not present in this case. The *Amara* court's ruling addressed the unsettled issue of the authority of the district court to reform the terms of a plan at issue in ERISA litigation, which was only resolved by the Supreme Court earlier this year. *See CIGNA Corp. v. Amara*, 131 S.Ct. 1866, 1871 (2011). The "the lack of clear guidance in the law and the unusual factual circumstances" present in *Amara* are not present in this case, and thus do not warrant such extraordinary relief as a *sua sponte* stay pending appeal. *Amara*, 559 F. Supp. 2d at 223. Furthermore, although Hilton does not address it, the "Implementation" language in Section F.1(b) directly conflicts with the Court's Order that "[a]s soon as administratively feasible, *and by no later than* January 1, 2012," Hilton must award back payments and commence increased benefits for all class members. 8/31/2011 Order at 9. The Court will not allow Hilton to side-step the requirements of the Rules by enacting a plan amendment with "effective" and "implementation" dates that directly conflict with the Court's prior order, rather

than formerly seeking a stay pending appeal.

        C.        *The Proposed Amendment Properly Defines "Affected Participants"*

Hilton's proposed amendment defines the "Affected Participants" as "all current or former Participants," meeting certain criteria. Plaintiff objects on the grounds that this definition fails to incorporate surviving spouses, beneficiaries, or estates of deceased participants. Pursuant to Section 2.3 of the Plan, "each Eligible Employee who becomes a Participant shall designate in writing the Beneficiary or Beneficiaries whom such Eligible Employee desires to receive any benefits payable under this Plan in the event of such Eligible Employee's death." Defs.' Unresolved Remedial Issues Resp. Br., ECF No. [240], Youngswood Decl., Ex. A at 33 ("2007 Plan").[2] The Plan further provides that if there is no valid designation in effect, or surviving designated Beneficiary, "then the Participant's surviving spouse shall be the Beneficiary." *Id.* at 5-6. "If there is no surviving spouse," then "the Participant's estate shall be the beneficiary." *Id.* at 6. The Court's Order used the same language in describing to whom Hilton must provide back payments for deceased Participants. 8/31/2011 Order at 10. Thus the Court finds no error in Hilton's definition of "Affected Participants."

        D.        *The Proposed Amendment Properly Addresses the Court's Vesting Rulings*

Though admitting the Court's Order did not explicitly require Hilton to address vesting issues in the proposed plan amendment, Plaintiff argues that Hilton should "incorporate the

---

[2] Defendants' [240] Unresolved Remedial Issues Response Brief and associated exhibits, including Mr. Youngswood's Declaration and the 2007 Plan (Exhibit A), were filed under seal. Defendants liberally quoted from the Plan in their Response, which was not under seal. Therefore, the Court shall likewise utilize the 2007 Plan without filing this Memorandum Opinion under seal, but will reference the redacted version of Defendants' remedial issues brief, filed as ECF No. [244].

Court's Order by reference in the Plan amendments and affirm that nothing in the proposed amendments is intended to limit[,] alter, supersede or suspend any part of the Court's Order." Pl.'s Obj. at 6. Plaintiff contends that Hilton is required to "correct" the 2002 Amendment concerning vesting "since this Court specifically rejected that." *Id.*

Hilton partially complied with this request in adding Section F.1(f) to the proposed amendment, which states: "Nothing in this Appendix F is intended to limit, alter, supersede or suspend any part of the District Court for the District of Columbia's August 31, 2011 Order in the Kifafi Litigation with respect to the ordered remedies to the vesting violations found by the Court." (Citing 8/31/2011 Order at 7, 11). The Court finds this addition to be sufficient to address Plaintiff's concerns. The Court's Order requires Hilton to amend the plan to "provide benefits in accordance with the terms ordered above." 8/31/2011 Order at 7. This is a clear reference to Sections II.A and II.B. of the Order, which outline the minimal accrual formulas for pre- and post-1982 service. *See id.* Section I of the Order contains only recitals from the Court's prior orders and opinions. Plaintiff is mistaken that either of the Court's Remedial Orders require Hilton to alter the 2002 Amendment regarding vesting services. While the Court did find the 2002 Amendment did not moot the Plaintiff's vesting claims, *see* 616 F. Supp. 2d at 30-32, at no point did Plaintiff raise a claim challenging the 2002 Amendment, nor did the Court rule it must be altered. Hilton's proposed amendment avoids the "confusion" Plaintiff is concerned with, complies with this Court's prior Orders, and need not go further in addressing the vesting issues in this case.

      E.     *The Minimum Accrual Rates Improperly Reference "Integrated Benefits"*

Section F.2 of the proposed plan amendment sets forth the formulas for calculating the

8

minimum rate at which Participants accrue(d) benefits for pre- and post- 1982 service.[3] In relevant part, this section provides that the minimum accrual rates will include offsets for the Participants' Primary Social Security Benefit, plus "Integrated Benefits . . . including offsets for union and New York Hotel Association plan benefits." The Plan defines "Integrated Benefits" as:

> the aggregate benefits payable to a Participant . . . under (i) any pension plan qualified as tax exempt under Section 401(a) of the Code, including any such plan established by the New York Hotel Association or pursuant to any collective bargaining or other agreement, to the extent that a Participating Employer, any Related Company, or any predecessors thereto have contributed or paid all or part of the costs thereof . . . and (ii) any federal, state, or other system now in existence or hereafter created or amended to which a Participating Employer is required by law to contribute or pay all or part of the costs.

2007 Plan at 17. Plaintiff contends the offset for all "Integrated Benefits" as defined in the Plan rather than just union and NYHA plan benefits is improper given the Court's Order. Pl.'s Obj. at 4. Hilton for its part argues that the Court "found no fault with, nor required modification of, the Plan's definition of 'Integrated Benefits.'" Defs.' Resp. at 4-5.

Plaintiff is correct that Hilton's proposed formulas improperly expand the scope of the offsets used to determine the Participants' minimum accrual rate beyond that provided in the Court's final remedial Order. In the initial remedies stage, Defendants proposed that the Court

---

[3] Plaintiff also objects to the proposed formulas on the basis "[c]lass counsel have been unable to compare the formulas in the proposed amendments with those that Hilton is applying in performing calculations." Pl.'s Obj. at 4. It is not clear how issues in Hilton's *application* of the formula to the relevant class members would bear on the formula in the Plan amendment, which must adopt the formulas detailed in the Court's Order. Plaintiff fails to explain how any "adjustments [that] may have been made" in calculating benefits for specific class members are properly within the scope of the proposed amendment. Moreover, the underlying calculations performed by Hilton were produced on November 14, 2011 (*see* ECF No. [273]), and Plaintiff has not notified the Court of any issues with the calculations, so the Court will assume Plaintiff's concerns have been resolved.

remedy Hilton's backloading violations by capping the Social Security offset. *See* 736 F. Supp. 2d 64, 71. The Court endorsed this solution, requiring the parties to "recalculate benefits for the benefit-accrual class based on Defendants' formula and attempt to resolve any disagreements about the specific amounts owed to particular class members." *Id.* at 72-73. During the subsequent briefing on outstanding remedial issues, Defendants modified their proposal and requested the Court expand the offset to include union and New York Hotel Association plan benefits. *See* Defs.' Unresolved Remedial Issues Resp. Br., ECF No. [244], at 7, 12, 14. Defendants vehemently defended offsets for union and NYHA benefits, *id.* at 12-20, but never once suggested the minimum accrual formula include offsets for *all* "Integrated Benefits" as defined by the plan. The Court adopted *Hilton's* proposed formula, including the specific offsets requested by Hilton. 8/31/2011 Order at 6-7. Defendants cannot now increase the offsets to the minimum accrual formulas on the grounds that Plaintiff never objected to the broader Plan term "Integrated Benefits." Plaintiff never objected to this approach because Hilton never proposed any formula that included the full scope of "Integrated Benefits" under the plan. Hilton had ample opportunity to propose a formula allowing offsets for all Integrated Benefits, but (deliberately or otherwise) failed to do so. The Plaintiff is correct that the minimum accrual rates as written violate the Court's Order, and the formulas have been revised by the Court.

      *F.*      *Hilton Improperly Limits Average Monthly Compensation for Post-1981 Service*

The final paragraph of Section F.2(a) provides that the Average Monthly Compensation used to calculate the offset under the minimum accrual rate for post-1981 Service "shall be limited to no more than $12,500 per month, or $150,000 per year, consistent with 26 U.S.C. § 401(a)(17) or such other limit under § 401(a)(17) as may be in effect during the relevant time

10

period." Plaintiff objects to the "or such other limit" clause as it was not included in the Court's Order. Pl.'s Obj. at 5. Hilton responds that the proposed language is helpful to class members because the compensation limit provided in Section 401(a)(17) has often been substantially higher than $150,000.

The Court is at a loss to explain why Hilton suddenly decided to disclaim the agreement reached by the parties nearly two years ago. *See* Pl.'s Br. on Unresolved Remedial Issues, ECF No. [236], at 4 (citing both parties' experts agreement on the $12,500/$150,000 limit). The Court adopted the Section 401(a)(17) limit as applicable in 1982 because the parties specifically agreed to that amount. 8/31/2011 Order at 6. If Hilton wanted to apply the Section 401(a)(17) limit as adjusted over time, the proper time to raise that issue was at any point during the briefing on remedies, not after the Court adopted the solution specifically stipulated to by the parties. Hilton is simply trying to further end-run the Court's ruling with arguments never brought up during the remedies stage, or at any other point in this case, and the AMC value as proposed will not be allowed.

      *G.*     *Revised Proposed Plan Amendment Properly Cross-References Section 4.13(e)*

Section F.3 concerning the Calculation, Adjustment and Payment of Benefits states that Sections 4.13(c) through (e) of the Plan, with certain modifications, shall be used to determine Participants' benefits, adjustments to previous calculations, and the time, form, and amount of retroactive payments. Plaintiff does not lodge any specific objections, but rather expresses concern as to whether the proposed amendment enacts the specific directives adopted by the Court regarding four discrete issues: (1) the date of calculation for back payments; (2) how newly vested participants shall receive their benefits; (3) the form of payments to prior lump sum

recipients; and (4) the calculation of the lump sum distributions. Pl.'s Obj. at 5-6. Hilton argues that with the addition of Section F.3(c), the proposed amendment adopts all of the specific requirements contained in the Court's Order. Defs.' Resp. at 5-6. The Court agrees.

1. Date of calculation for back payments.

The Court's Order provides that back payments for current annuitants and surviving spouses/heirs of deceased annuitants "should be calculated based on the date when the annuity commenced consistent with [Section] 4.13(e)(3) of the 2007 Plan." 8/31/11 Order at 10. Section 4.13(e)(3) states that back payments should be calculated by subtracting the old benefit rate from the new benefit rate for each month the old rate was paid (that is, each month since the annuity commenced), and adjusting for interest from the date the old benefits were initially paid to the date the revised benefits took effect. 2007 Plan at 79-80. Thus, application of Section 4.13(e)(3) ensures compliance with the Court's Order that back payments be determined based on the day when the annuity commenced, and Plaintiff's concern is unwarranted.

2. Increased benefits for newly-vested Participants.

In response to Plaintiff's objection, Defendants added Section F.3(c) to the proposed amendment accompanying Hilton's Responses to Plaintiff's Objections. This section provides that any new or increased benefit under the amendment payable in the form of an annuity will commence "on the date the Participant elects to receive benefits in accordance with the Plan." The Court's final remedial order also provided that newly-vested Participants and "other participants who could have been annuitants," will receive increased benefits "in the form of [an] actuarially equivalent annuity beginning as soon as they may elect to receive benefits under the Plan." 8/31/2011 Order at 10. The Court rejected Plaintiff's suggestion that the Court assume

12

these individuals would have elected to receive the annuity at the earliest possible date (typically when the Participant turns 65), and award back payments in the form of a lump sum. 2011 WL 3836455, at *13. Because "there is no basis in the record for the Court to make a reasoned judgment as to when most participants would have chosen to start their benefits," the Court ordered Hilton to provide benefits to newly-vested participants in the form of an annuity "starting at the present time (or at a future date if participants elect to defer it)." *Id.* at *13-14 (noting the procedure adopted by the Court will provide benefits that are actuarially equivalent to Plaintiff's proposal). Section F.3(c) of the proposed amendment properly embodies the Court's ruling: newly vested Participants shall receive benefits in the form of an annuity payable now, or in the future if the Participant so elects.

### 3. Increased benefits for prior lump sum recipients.

In terms of Participants who elected to receive their Plan benefits in the form of a lump sum payment, the Court held that increased benefits "shall be paid in the form of an additional lump sum consistent with [Section] 4.13(e)(4) of the 2007 Plan." 8/31/11 Order at 10. Section 4.13(e)(4) provides that "[i]f the Affected Person's New Benefit is greater than the Pre-Amendment Benefit, and payment of the Pre-Amendment Benefit had been made as a lump sum, then an additional lump sum payment shall be made." 2007 Plan at 80. The Plan language incorporated by reference in the proposed amendment tracks the requirement of the Court's Order, and thus it is not necessary for Hilton to explicitly outline this provision in the amendment.

### 4. Calculation of lump sum payments.

The Court's final instruction regarding payment of increased benefits provides that

13

"Hilton shall calculate the lump sum distributions in accordance with the provisions in the 2007 Plan." 8/31/11 Order at 10. Section 4.13(e)(4) of the 2007 Plan explains that additional lump sum benefits shall be calculated by subtracting the original lump sum payment from the amount that would have been paid had the amendment been in effect, and adjusting for interest from the initial payment date to the date the revised benefit becomes effective. 2007 Plan at 80. The Court intended that the existing Plan provisions control, and Hilton properly incorporated the appropriate provisions by reference into the proposed amendment. Thus the Court sees no reason to require Hilton to repeat the formula for lump sum payments in the proposed amendment itself.

## IV. CONCLUSION

For the foregoing reasons, the Court finds Plaintiff's objections to Sections F.1, F.2(a), and F.2(b)(2) of Defendants' proposed Amendment 2011-1 to the Plan are well taken. The remainder of Plaintiff's objections have either been resolved by Defendants in the revised proposed amendment, or are overruled. Accordingly, Hilton is ordered to adopt Amendment 2011-1 as revised by the Court and attached to the Order accompanying this Memorandum Opinion.

Date: November 23, 2011

                                                        _/s/_
                                                      **COLLEEN KOLLAR-KOTELLY**
                                                      United States District Judge