# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| JAMAL J. KIFAFI, individually and on behalf of all others similarly situated, |
|    Plaintiff, |
|      v. |
| HILTON HOTELS RETIREMENT PLAN, *et al.*, |
|    Defendants. |

Civil Action No. 98-1517 (CKK)

## MEMORANDUM OPINION
(December 2, 2011)

Presently before the Court is Defendants' Motion for a Stay Pending Appeal and Request for Expedited Treatment.[1] Defendants (or "Hilton") have requested expedited briefing of their Motion, which seeks to stay the Court's August 31, 2011 Order requiring Hilton to adopt the Court's backloading remedy and to make new payments to new and previously vested participants, pending resolution of Defendants' appeal of the backloading issue. In response to the Court's November 28, 2011 Order requiring the parties to meet and confer regarding a briefing schedule for Defendants' Motion, Plaintiff filed a [284] Motion for Temporary Stay and Schedule for Briefing a Stay Under FRCP 62(c). Defendants also filed a [285] Proposed Briefing Schedule. For the reasons stated below, Plaintiff's motion for a temporary stay shall be GRANTED IN PART and DENIED IN PART. The Court shall grant a temporary stay of the relevant portions of the August 31, 2011 Order pending the Court's decision on Defendants'

---

[1] Defendants also filed a [282] Motion for Leave to File Motion for Stay and Declaration of Andrew M. Lacy Under Seal. The Court will address Defendants' motion to seal in a separate order.

Motion or the posting of a Court ordered or approved bond by Defendants. The Court shall also adopt Plaintiff's proposed briefing schedule. Defendants' request for a more expedited briefing schedule, and Plaintiff's request for an order requiring Defendants to produce additional financial information shall be denied.

## I. BACKGROUND

On August 31, 2011, the Court entered a final judgment in this case. *See* ECF No. [258]. The Order, among other things, required Hilton to amend the Hilton Hotels Retirement Plan (the "Plan") to remedy violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, specifically ERISA's anti-backloading provision, 29 U.S.C. § 1054(b)(1). *Id.* at 7. Pursuant to that order, Hilton was required to amend the Plan, and by no later than January 1, 2012, "award back payments and commence increased benefits for all class members." *Id.* at 9. Defendants' proposed plan amendment (ECF No. [269]) purported to utilize an effective date of the later of

> [insert the Date of Execution of Amendment 2011-1], or 30 days after the entry of a final judgment in the Kifafi Litigation and the expiration of all proceedings arising out of an appeal therefrom [], provided however that the final judgment entered in the Kifafi Litigation on August 31, 2011 is not reversed, vacated, or otherwise modified.

Attach. 1, ECF No. [269], at 1-2. The Court rejected Defendants' attempt to circumvent the Order, and declined Defendants' invitation to enact a "sua sponte" stay without the benefit of briefing from the parties. *See* 11/23/11 Mem. Opin., ECF No. [281], at 6. Instead, the Court ordered Defendants to enact the proposed plan amendment with an effective date of January 1, 2012, and certain other revisions. 11/23/11 Order, ECF No. [280]. Defendants filed the Motion to Stay on November 28, 2011, requesting an expedited briefing schedule with Plaintiff's

2

opposition due December 5, 2011, and Defendants' reply due December 8, 2011. Contrary to the requirements of Local Civil Rule 7(m), Defendants failed to meet and confer with Plaintiff regarding the motion and proposed briefing schedule prior to filing the motion with the Court. The Court ordered the parties to confer regarding a schedule, and the parties filed their competing proposals on November 29, 2011. *See* ECF Nos. [284], [285]. Plaintiff proposed implementing a temporary stay and extended briefing schedule, in addition to requiring Hilton to re-file its motion with additional financial disclosures. Pl.'s Mot. for Temp. Stay and Proposed Schedule for Briefing on a Stay Under FRCP 62(c), ECF No. [284]. Defendants' proposal advocated for their expedited schedule, or in the event of a temporary stay, briefing according to the normal timeline provided in the Local Rules. Defs.' Proposed Briefing Schedule, ECF No. [285].

## II. DISCUSSION

*A.    Temporary Stay*

Plaintiff proposes temporarily staying certain portions of the Court's August 31, 2011 Order regarding backloading so as to allow adequate time to brief Defendants' Motion. Curiously, Plaintiff's proposal would stay the effect of the Court's only through the <u>briefing</u> of the motion, and not the Court's decision. Defendants request that the stay be extended until thirty days after the Court rules on Defendants' motion. The Court agrees that a temporary stay would be beneficial, but that it should not expire before the Court renders its decisions. Although Defendants are only appealing the backloading issues, Defendants' Motion requests a broader stay, encompassing the payment of benefits to newly vested Plan participants under the Court's vesting orders. While the right of these newly vested Plan participants to receive

3

benefits is not in question, the amount of benefits these individuals should receive may vary based on the resolution of the attorney's fee issue.  *See* Defs.' Mot. at 13.  Thus on the record currently before the Court, payment of benefits to newly vested Plan participants shall be stayed along with the provisions of the Court's Order under appeal by Hilton.  Therefore, the Court will stay the following provisions of the Court's August 31, 2011 Order:

> (1) Hilton's obligation to amend the Plan to comply with Section II.A and B;
>
> (2) Back payments to new and previously vested Plan participants;
>
> (3) Increased benefits to previously vested Plan participants; and
>
> (4) Benefits to newly vested Plan participants.

Hilton shall be required to continue to make scheduled payments to previously vested Plan participants under the existing terms of the Plan.  This stay shall be in effect until:

> (1)   Thirty days after the Court renders a decision on Defendants' Motion for a Stay Pending Appeal;
>
> **<u>OR</u>**
>
> (2)   Defendants <u>post</u> a supersedeas bond ordered or approved by the Court.

This will enable the parties adequate time to brief the motion and the Court adequate time to resolve the merits of the motion before Hilton must implement the ordered changes.  If the Court were to deny Defendants' motion, Hilton would also have sufficient time to make the necessary preparations to implement the plan amendment, and/or seek a stay with the Court of Appeals.  However, if the parties reach an agreement as to a supersedeas bond amount, and the bond is approved by the Court and posted by Defendants before the Court's decision is rendered, the Court would enter a stay pending resolution of Defendants' appeal.

B.  *Briefing Schedule*

With the temporary stay in place, there is no need to truncate the briefing schedule for Defendants' motion. Furthermore, given the complexity of the issues surrounding the request for a stay (including the relationship between Plaintiff's potential request for attorney's fees from the common fund and the amount of benefits and back payments to be distributed by Defendants), the Court finds there is good cause to allow the Plaintiff additional time to prepare his opposition. Therefore, Plaintiff's opposition shall be due no later than December 22, 2011, and Defendants' reply due no later than December 30, 2011. <u>There will be no further extensions</u>.

C.  *Plaintiff's Request for Additional Financial Documents*

Plaintiff's motion for a temporary stay requests the Court to order Hilton to re-file it's motion with "supporting declaration(s) from Hilton Worldwide's CFO or other executive officers" and documents addressing "[p]ension liability adjustments," and increased annual funding to the Plan. Pl.'s Mot. at 3. Plaintiff further seeks Hilton's consolidated balance sheets for 2007 through 2010. *Id.* The Court declines to order Hilton to re-file its Motion or provide additional supporting documentation. Defendants have agreed to provide "additional supporting material relating to paragraph 5 of Mr. Duffy's affidavit," concerning the issue of increased Plan funding requirements. Def.'s Proposed Briefing Schedule at 4. Plaintiff failed to explain why the information provided is inadequate, or how the additional requested materials are relevant to the issues before the Court. Moreover, the burden is on Hilton to provide the Court with adequate documentation and other evidence supporting its assertion that Hilton Worldwide, Inc., is sufficiently solvent to justify a stay without a bond, or a bond in the amount requested by Defendants. Defendants have taken the risk that the Court will not find the motion as filed to be

adequate for those purposes and will deny the stay, or require Hilton to post a larger bond. The Court will not order Hilton to produce documents in order to meet *Hilton's* burden on its own motion.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the parties and the Court will be best served by temporarily staying the portions of the Court's August 31, 2011 requiring Defendants to amend the Plan and to provide back payments and new or increased benefits to previously and newly vested Plan participants by January 1, 2012. The stay shall be in effect until thirty days after the Court renders its decision on Defendants' motion to stay the Order pending appeal, or until the Defendants post a supersedeas bond ordered or approved by the Court. Furthermore, in light of the complexity of the issues raised by Defendants' motion and the reduced urgency with the temporary stay in place, the Court shall adopt the briefing schedule proposed by Plaintiff. The Court shall deny Defendants' request for an expedited briefing schedule, and deny Plaintiff's request that the Court order Defendants to produce additional financial information in support of their own motion.

An appropriate Order accompanies this Memorandum Opinion.

*/s/*
**COLLEEN KOLLAR-KOTELLY**
United States District Judge