UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMAL J. KIFAFI, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>HILTON HOTELS RETIREMENT PLAN, *et al.*,<br><br>    Defendants. | Civil Action No. 98-1517 (CKK) |

MEMORANDUM OPINION
(August 15, 2012)

This class-action litigation originated over a decade ago, challenging aspects of the Hilton Hotels Retirement Plan ("the Plan"), a defined benefits pension plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002 *et seq*. Following the entry of final judgment, the Court referred the parties' dispute regarding the vesting status of certain class members to Magistrate Judge Alan Kay for a Report and Recommendation. 10/13/11 Order, ECF No. [266]. Magistrate Judge Kay issued his report on May 16, 2012, recommending that none of the remaining class members be found to have vested. Report & Recommendation ("R&R"), ECF No. [320], at 8. Presently before the Court are Plaintiff Jamal J. Kifafi's [321] Rule 72 Objections to Report and Recommendations on Vested Rights of Five Individuals. Defendants Hilton Hotels Retirement Plan, Hilton Hotels Corp., and individual board members (collectively "Defendants" or "Hilton") did not object to the R&R.

Plaintiff's objections are now fully briefed and ripe for adjudication.[1] For the reasons stated below, Plaintiff's objections are OVERRULED and Magistrate Judge Kay's Report and Recommendation is ADOPTED for substantially the same reasons as articulated by Magistrate Judge Kay.

## I. BACKGROUND

The factual and procedural history of this case has been detailed at length in the Court's prior opinions. *E.g.*, *Kifafi v. Hilton Hotels Retirement Plan*, 825 F. Supp. 2d 298 (D.D.C. 2011); *Kifafi v. Hilton Hotels Retirement Plan*, 826 F. Supp. 2d 25 (D.D.C. 2011); *Kifafi v. Hilton Hotels Retirement Plan*, 736 F. Supp. 2d 64 (D.D.C. 2010); *Kifafi v. Hilton Hotels Retirement Plan*, 616 F. Supp. 2d 7 (D.D.C. 2009). The Court entered a final judgment after resolving the outstanding remedial issues on August 31, 2011. 8/31/11 Order, ECF No. [258], at 11. At the time of the entry of final judgment, the vesting status of twelve plan participants from the service-counting class remained in dispute. *Id.* at 8. The parties were ultimately able to resolve the vesting status of all but three of the participants: Cindy Reithel, S.A. Watters, and Trenna Jones. R&R at 1. Magistrate Judge Kay concluded that the Plaintiff failed to provide sufficient evidence to show the three participants had sufficient hours of service under the Plan, and therefore have not vested. Pursuant to Local Civil Rule 72.3(c), the Court now turns to Plaintiff's objections to Magistrate Judge Kay's Report.

---

[1] Although the Court's decision is based on the record as a whole, the Court's analysis focused on the following documents: Pl.'s Mem. on Vested Rights of Five Indiv., ECF No. [286]; Defs.' Resp. Br. on the Vesting Status of Five Disputed Indiv., ECF No. [294]; Pl.'s Reply Mem. on Vested Rights of Five Indiv., ECF No. [288]; Pl.'s Rule 72 Objs. ("Pl.'s Objs."), ECF No. [321]; Defs.' Resp. Br. to Pl.'s Rule 72 Objs. ("Defs.' Opp'n"), ECF No. [324]; and Pl.'s Reply in Supp. of Rule 72 Objs. ("Pl.'s Reply"); ECF No. [326].

## II.  LEGAL STANDARD

*A.     Objections to Report and Recommendation*

Pursuant to Local Civil Rule 72.3(b), "[a]ny party may file for consideration by the district judge written objections to the magistrate judge's proposed findings and recommendations issued under [Local Civil Rule 72.3(a)] within 14 days." The Local Rules further provide that "[t]he objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." L. Civ. R. 72.3(b).  The Court "may make a determination based solely on the record developed before the magistrate judge, or may conduct a new hearing, receive further evidence, and recall witnesses." L. Civ. R. 72.3(c).  This Court shall make a *de novo* determination as to the portions of Magistrate Judge Kay's findings and recommendations to which Plaintiff objects. *Id.* The Court may accept, reject, or modify Magistrate Judge Kay's report, or recommit the matter with instructions. *Id.* The Plaintiff has the burden to show the class members should vest by a preponderance of the evidence. *Kifafi v. Hilton Hotels Retirement Plan*, 736 F. Supp. 2d at 83.

*B.     Hours of Service for Vesting Pursuant to ERISA*

Per the terms of the Plan, "a Participant who has completed at least one Hour of Service on or after January 1, 1989 shall become vested" after five years of vesting service. Hilton Hotels Retirement Plan 2007 ("2007 Plan"), ECF No. [240-1], at 57. The Department of Labor's ERISA regulations define an "hour of service" (in relevant part):

(1)     An hour of service is each hour for which an employee is paid, or entitled to payment, for the performance of duties for the employer during the applicable computation period.

(2)     An hour of service is each hour for which an employee is paid, or entitled to payment, by the employer on account of a period of time during which no duties are performed (irrespective of whether the employment relationship has terminated) due to vacation, holiday, illness, incapacity (including disability),

3

layoff, jury duty, military duty or leave of absence. Notwithstanding the preceding sentence,

> (i)    No more than 501 hours of service are required to be credited under this paragraph (a)(2) to an employee on account of any single continuous period during which the employee performs no duties (whether or not such period occurs in a single computation period)[.]

(3)    An hour of service is each hour for which back pay, irrespective of mitigation of damages, is either awarded or agreed to by the employer.

29 C.F.R. § 2530.200b-2(a)(1)-(3).  In other words, an hour of service is each hour for which (1) the employee is paid for performance of duties; (2) the employee is paid but did not perform duties because of vacation, illness, leave of absence, etc; and (3) the employee receives back pay. *Id.* If a Plan participant does not have at least one hour of service on or after January 1, 1989, the participant must have ten years of service in order to vest.  2007 Plan at 57.

### III. DISCUSSION

Plaintiff objects to the totality of Magistrate Judge Kay's Report and Recommendation, which found that the three remaining plan participants at issue should not vest.  Upon *de novo* review, the Court agrees with Magistrate Judge Kay: Plaintiff failed to show by a preponderance of the evidence that any of the three participants should vest.  As explained below, the Plan records indicate neither Cindy Reithel nor S.A. Watters had at least one hour of service on or after January 1, 1989.  Furthermore, Plaintiff failed to provide sufficient evidence that Trenna Jones was awarded back pay for hours that should be credited to 1989.  Accordingly, the Court shall overrules the objections and adopt Magistrate Judge Kay's Report.

   *A.    Cindy Reithel and S.A. Watters*

Several points regarding Ms. Reithel and Ms. Watters are undisputed: both individuals were terminated by Hilton in 1988; both individuals received payments from Hilton in 1989; and both individuals should be credited with at least one hour of service based on the 1989 payments.

Plaintiff argues that the hours of service listed for Ms. Reithel and Ms. Watters represent severance pay pursuant to 29 C.F.R. § 2530.200b-2(a)(2). Pl.'s Objs. at 9. The Court assumes, without deciding, that the Plaintiff is correct. The dispute from the parties arises out of the fact that Hilton's "pnearn" earnings records attribute those hours to 1989, but Hilton's Plan records attribute the hours to 1988. The difference is critical: if the Court credits the pnearn records, then both individuals are vested; if the Court credits Hilton's Plan records, the individuals are not vested. The parties devote most of their briefs to the question of which set of records is more reliable, but as the Plaintiff readily admits, the Department of Labor's ERISA regulations directly control how hours of service are to be credited. Pl.'s Reply at 2. In other words, the relevant question for the Court is which set of records accurately reflects the ERISA regulations.

       1.    <u>Records of Service</u>

In their briefs before Magistrate Judge Kay and in briefing the objections before this Court, the parties rely on two types of records: (1) the "pnearn" records, earnings records from Hilton's database that reflect, among other things, the employee's date of hire, date of termination, hours per year, and pay per year, Pl.'s Ex. 5, ECF No. [286-5], at 3-4 (C. Reithel pnearn records); Pl.'s Ex. 6, ECF No. [286-6], at 3-5 (S.A. Watters pnearn records); and (2) the "Retirement Calculator" printouts for Ms. Reithel and Ms. Watters. Pl.'s Ex. 5 at 1-2; Pl.'s Ex. 6 at 1-2.

The pnearn records for Ms. Reithel, dated January 5, 2011, indicate Ms. Reithel was terminated on November 15, 1988. Pl.'s Ex. 5 at 3 (noting DSTACHG date of 11/15/1988). The pnearn records further indicate Ms. Reithel received a payment of $1967.2 for 153 hours in 1989. The pnearn entry for 1988 contains the code "T," which refers to "terminated with less than 5 years of service." Decl. of E. Kwaku Mensah, ECF No. [294-2], at 11. The 1989 entry contains

the code "L," which refers to "pay after termination." *Id.* The Retirement Calculator for Ms. Reithel reflects the same information: Ms. Reithel was terminated on November 15, 1988, and received payment for 153 hours in 1989, after her termination. There are two differences between the sets of records for Ms. Reithel: (1) the header of the Retirement Calculator lists Ms. Reithel's termination date as December 15, 1988; and (2) the Retirement Calculator credits the 153 hours paid in 1989 to the month immediately following Ms. Reithel's termination (November 16 to December 15, 1988). Pl.'s Ex. 5 at 1.

The pnearn records for Ms. Watters, dated January 5, 2011, indicate Ms. Watters was hired by Hilton on August 7, 1978, and terminated on August 30, 1988. Pl.'s Ex. 6 at 4-5 (recording a "DHIRE" date of 8/7/1988 and a "DSTACHG" date of 8/30/1988). The pnearn records further indicate that in 1989 Ms. Watters received a payment of $1187.50 for 130 hours. *Id.* at 4. The pnearn entry for 1988 contains the code "T," and the 1989 entry contains the code "L." *Id.* at 5. The Retirement Calculator printout for Ms. Watters reflects the same information: Ms. Watters was terminated on August 30, 1988, and received payment for 130 hours in 1989, after her termination. Like Ms. Reithel, there are two differences between the records: (1) the header of the Retirement Calculator lists Ms. Watters' termination date as 9/30/1988; and (2) the Retirement Calculator credits the 130 hours paid in 1989 to the month immediately following Ms. Watters' termination (August 31 to September 30, 1988). Pl.'s Ex. 6 at 1.

The Plaintiff questions the reliability of the Retirement Calculator printouts on the basis the database was created as part of a "data validation process" performed during the court of this litigation by an outside consultant retained by Hilton. Pl.'s Reply at 4. However, it was not until his Reply brief in support of his Objections that Plaintiff submitted additional service records in support of this claim. Pl.'s Ex. 9 (C. Reithel ServicesPrior and Service Records), ECF No. [326-

6

1]; Pl.'s Ex. 10 (S.A. Watters ServicesPrior and Service Records), ECF No. [326-2]. Plaintiff relies on these newly submitted "ServicesPrior" and "Service" records to demonstrate Hilton improperly altered Ms. Reithel's and Ms. Watters' records in order to prevent these participants from vesting. Plaintiff's untimely submission of the ServicesPrior and Service records is inexcusable: Plaintiff has been in possession of these records for at least several years, yet Plaintiff failed to submit the records until his Reply brief filed in support of his objections, at which point Hilton would have no opportunity to respond. In any case, the newly produced records are irrelevant because (1) the ServicesPrior and Services records reflect the same information as the pnearn records; and (2) the Court's decision turns on the proper application of the Department of Labor's ERISA regulations, no the reliability of Hilton's recordkeeping.

### 2. Crediting Hours of Service

Subsection (c)(2)(i) of the relevant regulation provides that hours of service shall be credited "to the computation period or computation periods in which the period during which no duties are performed occurs, beginning with the first unit of time to which the payment relates." 29 C.F.R. § 2530.200b-2(c)(2)(i). Plaintiff argues that the pnearn records are consistent with the ERISA regulations because 1989 was "the computation or [one of the] computation periods in which the period during which no duties [we]re performed occur[ed]." Pl.'s Reply at 8 (alterations in original). Plaintiff's contention omits the final clause of the regulation, which requires that the hours be credited "beginning with the first unit of time to which the payment relates." 29 C.F.R. § 2530.200b-2(c)(2)(i). Thus, if the severance payments at issue relate to 1988, the hours of service must be credited to 1988. If the severance payments to Ms. Reithel and Ms. Watters relate to 1988 *and* 1989, the hours must still be credited first to 1988. If Plaintiff could show that the severance payments related *solely* to 1989, then Plaintiff would be

correct and Ms. Reithel and Ms. Watters should be vested. Ultimately, Plaintiff fails to offer any evidence that the severance payments relate to 1989.

For illustration purposes only, if the Court were to assume the payment to Ms. Reithel represented 153 hours in accrued vacation, paid in a lump sum as part of her severance, the ERISA regulations would require Hilton to credit the hours to the "first unit of time to which the payment relates." 29 C.F.R. § 2530.200b-2(c)(2)(i). Hilton did so in the Retirement Calculator, applying the hours to month following Ms. Reithel's termination. Pl.'s Ex. 5 at 1. Had Ms. Reithel accrued more hours of vacation, the hours may have extended into 1989, but did not do so in this case.[2] Likewise for Ms. Watters, Hilton credited her with 130 hours of vacation (hypothetically) from August 31 until September 30, 1988. If Ms. Watters had accrued more vacation time, the credited hours may have extended into 1989. There simply is no theory (much less evidence to support the theory) under which the hours associated with Ms. Watters' and Ms. Reithel's severance payments related *only* to 1989—weeks after their termination from Hilton.

Therefore, without reaching Plaintiff's complaints regarding Hilton's recordkeeping, the Court finds the Retirement Calculator printouts for Ms. Reithel and Ms. Watters credit these individuals with hours of service as required by the Department of Labor's ERISA regulations. The pnearn and other records cited by the Plaintiff are inconsistent with the regulations that Plaintiff readily admits control the outcome on this issue. Accordingly, the Court finds the Plaintiff failed to meet his burden of proof to show Ms. Reithel and Ms. Watters each had at least one hour of service on or after January 1, 1989, and thus neither individual has vested.

---

[2] For the same reason, the outcome would not change if 29 C.F.R. § 2530.200b-2(c)(2)(a)(ii) applied: the record demonstrates the hours of service do not extend "beyond one computation period," and therefore cannot be allocated to any subsequent computation period, i.e., 1989.

B.     Trenna Jones

Trenna Jones was terminated from the Reno Casino Ledger on December 20, 1987. Pl.'s Ex. 8 ¶ 1. Ms. Jones sued Hilton for wrongful termination, and in 1989 received a settlement of $72,860, which Plaintiff emphasizes was nearly three times Ms. Jones' annual salary. Pl.'s Objs. at 11. Ms. Jones submitted a declaration stating, without elaboration, that at least part of the settlement was for back pay. Pl.'s Ex. 8 ¶ 2. Magistrate Judge Kay noted

> There is no evidence for the Court showing the hours for which the back pay was made part of the settlement with Ms. Jones; the dates of any back pay; and how much of the settlement was in fact treated as back pay and how much was compensatory damages. The back pay may have been solely for the year 1988.

R&R at 7. The Plaintiff objects to Magistrate Judge Kay's conclusion that "[w]ithout additional information of what, if any of the settlement was back pay, the Court cannot find as a fact that Ms. Jones had any Hours of Service in calendar 1989." *Id.*

The Plaintiff objects generally to what he perceived as Magistrate Judge Kay shifting the burden of proof. The Plaintiff claims that "[b]ecause Hilton offered no evidence at all about the payment to Ms. Jones, it is evident that the R&R is shifting Hilton's recordkeeping responsibilities to Ms. Jones and is not applying the preponderance of the evidence standard (or even requesting the submission of additional evidence by the parties)." Pl.'s Objs. at 13. Plaintiff's argument is misplaced. On its face, Hilton's Retirement Calculator printout indicates Ms. Jones did not have any hours of service in 1989. Pl.'s Ex. 7 at 1. The records are thus consistent with either (1) the settlement not including back pay; or (2) the settlement only including back pay for hours of service already credited to Ms. Jones in years preceding 1989. 29 C.F.R. § 2530.200b-2(a)(3) (indicating employees are not entitled to additional credit when back pay is awarded for hours already credited). The Court can only find that Hilton violated its recordkeeping requirements under ERISA if the Court first assumes that Plaintiff is correct and

9

Ms. Jones should be credited with at least one hour of service in 1989. But Plaintiff has the initial burden to show, by a preponderance of the evidence, that Ms. Jones is entitled to additional hours of service in light of the settlement payment. Plaintiff's argument that "Hilton has offered no evidence in support of the position that Ms. Jones should not be credited with even one hour of service in 1989," Pl.'s Objs. at 14, lacks merit; it is Plaintiff's burden to put forth affirmative evidence that Ms. Jones is entitled to any additional hours of service.

Apart from the recordkeeping issue, the Plaintiff argues that the settlement payment entitles Ms. Jones to at least one hour of credit in 1989 pursuant to two provisions of the Department of Labor's ERISA regulations: 29 C.F.R. § 2530.200b-2(a)(2) and 2(a)(3). Subsection 2(a)(2) indicates participants are entitled to hours of service for "each hour for which an employee is paid . . . on account of a period of time during which no duties are performed," regardless of when the employment relationship was terminated. However, this section specifically provides that in order for the hours to qualify, the fact the employee did not perform any duties must have been due to "vacation, holiday, illness, incapacity (including disability), layoff, jury duty, military duty or leave of absence." 29 C.F.R. § 2530.200b-2(a)(2). Ms. Jones did not perform any duties during 1989 because she was terminated (wrongfully or otherwise) in 1987, and not on account of one of the reasons outlined in the regulation. Accordingly, Ms. Jones is not entitled to any additional hours of credit pursuant to subsection 2(a)(2).

Section 2(a)(3) specifically provides for hours of service for which back pay "is either awarded or agreed to by the employer." Plaintiff did not submit the settlement agreement to the Court, but rather relies on Ms. Jones' assertion that the settlement included back pay. Pl.'s Ex. 8 ¶ 2. As an initial matter, without a copy of the settlement agreement, it is unclear whether the Court may even consider Ms. Jones' affidavit under the parol evidence rule. *M.C. Multi-Family*

*Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913-14 (2008); *Bolling Fed. Credit Union v. Cumis Ins. Soc., Inc.*, 475 A.2d 382, 385 (D.C. 1984). Even crediting Ms. Jones' claim that some portion of the settlement was back pay, the Court has no means other than sheer speculation with which to conclude that the settlement reflected back pay for hours of service extending into 1989. Plaintiff's position requires the Court, based on nothing more than the amount of the settlement, to find (1) Hilton agreed to pay Ms. Jones back pay; and (2) Hilton compensated Ms. Jones for hours extending into 1989. There is simply no evidence in the record to support either conclusion, much less a preponderance of the evidence. The Court agrees with Magistrate Judge Kay's finding that Ms. Jones does not have any hours of service on or after January 1, 1989, and thus is not a vested participant in the Plan.

//

//

//

//

//

//

//

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Kay's Report and Recommendation are overruled. Hilton's Retirement Calculator credits hours of service to Ms. Reithel and Ms. Watters in accordance with the Department of Labor's ERISA regulations. As reflected in the Retirement Calculator, neither individual had at least one hour of service on or after January 1, 1989, therefore neither has vested. Moreover, Plaintiff failed to satisfy his burden of proof to show that hours of service should be credited to Ms. Jones as a result of back pay purportedly awarded as part of a settlement agreement. Accordingly, there is insufficient evidence from which the Court could conclude Ms. Jones vested. Therefore, Plaintiff's [321] Rule 72 Objections to Report and Recommendations on Vested Rights of Five Individuals are OVERRULED, and Magistrate Judge Alan Kay's [320] Report & Recommendation is ADOPTED for the reasons articulated above.

An appropriate Order accompanies this Memorandum Opinion.

                                                */s/*
                                                **COLLEEN KOLLAR-KOTELLY**
                                                UNITED STATES DISTRICT JUDGE