UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMAL J. KIFAFI, individually, and on behalf of all others similarly situated,

        Plaintiff,

   v.

HILTON HOTELS RETIREMENT PLAN, *et al.*,

        Defendants.

Civil Action No. 98-1517 (CKK)

**MEMORANDUM OPINION**
(March 19, 2025)

Now pending before the Court are Plaintiff's [463] Motion for Post-Judgment Discovery and Accounting and [467] Motion for Leave to Supplement the Record in Support of the Motion for Post-Judgment Discovery. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court shall **GRANT** Plaintiff's [467] Motion for Leave to Supplement the Record and **DENY WITHOUT PREJUDICE** Plaintiff's [463] Motion for Post-Judgment Discovery.

---

[1] The Court's consideration has focused on the following documents, including the attachments and exhibits thereto:
- Plaintiff's Motion for Post-Judgment Discovery and Accounting ("Pl.'s Mot."), ECF No. 463;
- Defendants' Opposition to Plaintiff's Motion for Post-Judgment Discovery and Accounting ("Defs.' Opp'n"), ECF No. 464;
- The Declaration of Amy Dennard ("Dennard Decl."), ECF No. 465;
- Plaintiff's Reply in Support of the Motion for Post-Judgment Discovery and Accounting ("Pl.'s Reply"), ECF No. 466;
- Plaintiff's Motion for Leave to Supplement the Record in Support of Motion for Post-Judgment Discovery and Accounting, ECF No. 467;
- Defendant's Opposition to Plaintiff's Motion for Leave to Supplement the Record in Support of Motion for Post-Judgment Discovery and Accounting, ECF No. 468; and
- Plaintiff's Reply in Support of the Motion for Leave to Supplement the Record in Support of Motion for Post-Judgment Discovery and Accounting, ECF No. 469.

In an exercise of its discretion, the Court concludes that oral argument is not necessary to the resolution of the issues pending before the Court. *See* LCvR 7(f).

1

## I. BACKGROUND

Plaintiff Jamal J. Kifafi worked for Hilton Hotels Corporation in Washington, D.C., for a total of about ten years between 1975 and 1993. *See* Compl., ECF No. 1, ¶¶ 1, 19. In June 1998, he filed this action, alleging that Hilton set up its retirement plan in a way that violated a federal statute and was unfair to workers. *See id.* Specifically, he argued that the Hilton Hotels Retirement Plan had violated the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by improperly "backloading" retirement benefits accruals toward the end of employees' careers, failing to provide an early retirement benefit for some eligible employees, failing to maintain sufficient data to pay benefits to surviving spouses of former employees, failing to provide required benefit statements and Plan documents, and breaching fiduciary duties to Plan participants. Compl. ¶¶ 40–56; *see also* Am. Compl., ECF No. 36, ¶¶ 40–56.

The ensuing litigation has been the subject of seventeen prior opinions of this Court. *See* ECF Nos. 34, 102, 164, 169, 202, 233, 257, 277, 281, 293, 304, 313, 331, 376, 400, 414, 434. The parties have also taken four appeals from this Court's decisions. *See* ECF Nos. 260, 298, 435, 459. The Court recites here only the history most relevant to the pending motions.

Early in the history of this case, the Court certified one "benefit-accrual class" and four "service-counting" classes in connection with Kifafi's claims. *See* 189 F.R.D. 174, 180 (D.D.C. 1999) (certifying benefit-accrual class); 228 F.R.D. 382, 389 (D.D.C. 2005) (certifying service-counting classes). This Court later granted in part Kifafi's motion for summary judgment, concluding that Hilton had violated ERISA's anti-backloading provision, 29 U.S.C. § 1054(b)(1), and had violated some of the Plan's vesting provisions. *See* 616 F. Supp. 2d 7, 24, 29–30 (D.D.C. 2009). The Court concluded that benefit-accrual class members were "entitled to receive the benefits they would have accrued had the Plan complied" with the relevant anti-backloading rule.

*Id.* at 24. But the Court reserved decision on the exact equitable remedies to be awarded pending further briefing. *Id.* at 39–40.

After further briefing, the Court entered a permanent injunction ordering Hilton to (1) amend the Plan's benefit accrual formula to remedy the backloading violation; (2) "send a notice and claim form" to members of one of the service-counting classes who may be entitled to additional service credit for vesting purposes; (3) "provide Plaintiff's counsel with revised calculations of benefits and vesting service" for individual class members "whose status cannot be determined by the Court without individualized inquiry"; (4) "award back payments" for all class members for increased benefits that should have been paid in the past; and (5) "commence increased benefits for all class members" eligible to receive those benefits. Order (Aug. 31, 2011), ECF No. 258, at 7–9, 11; *see also* 736 F. Supp. 2d 64 (D.D.C. 2010) (opinion accompanying initial remedial order); 826 F. Supp. 2d 25 (D.D.C. 2011) (opinion accompanying final remedial order); 825 F. Supp. 2d 298 (D.D.C. 2011) (opinion accompanying order on amendments to remedial plan).

The Court set timelines for Hilton to come into compliance with each of these obligations. First, the Court ordered Hilton to file proposed amendments to the Plan "by no later than October 24, 2011." Order (Aug. 31, 2011), ECF No. 258, at 7. Second, the Court ordered Hilton to send the required notice and claim form to covered class members "by no later than November 15, 2011." *Id.* at 7. Third, the Court ordered Hilton to give Plaintiff's counsel "revised calculations of benefits and vesting service" for certain individual class members "[a]s soon as administratively feasible, and by no later than November 1, 2011." *Id.* at 8. Finally, the Court ordered Hilton to "award back payments and commence increased benefits for all class members" "[a]s soon as administratively feasible, and by no later than January 1, 2012." *Id.* at 9.

The parties appealed the Court's rulings on liability and remedies to the U.S. Court of Appeals for the D.C. Circuit, which affirmed this Court's rulings in full. *See Kifafi v. Hilton Hotels Ret. Plan*, 701 F.3d 718, 733 (D.C. Cir. 2012).

This Court initially stated that it would "retain continuing and exclusive jurisdiction over the parties and over the administration and enforcement of [its remedial order] for a period of two (2) years." *See* Order (Aug. 31, 2011), ECF No. 258, at 10–11. However, on Hilton's motion, the Court stayed the enforcement of the anti-backloading provisions of the Court's remedial order "until thirty days after the exhaustion of Defendants' appeal." *See* Mem. Op. & Order (Jan. 19, 2012), ECF No. 313, at 11; *see also* Notice of Appeal, ECF No. 260. The two-year period envisioned in the Court's remedial order therefore did not begin to run until February 23, 2013, which was thirty days after the Court received the mandate of the D.C. Circuit following Hilton's appeal of the Court's liability and remedies rulings. *See* Mandate, ECF No. 340. Accordingly, this Court determined that the two-year period of "exclusive and continuing jurisdiction" described in the remedial order would expire on February 23, 2015. *See* 79 F. Supp. 3d 93, 97 (D.D.C. 2015), *on reconsideration in part*, 107 F. Supp. 3d 154 (D.D.C. 2015), *modified*, 124 F. Supp. 3d 27 (D.D.C. 2015), *aff'd*, 752 F. App'x 8 (D.C. Cir. 2019).

In February 2015, this Court concluded that Hilton was "in compliance" with and had "satisfied the terms of" the Court's judgment, including its obligations to identify and make payments to eligible beneficiaries. 79 F. Supp. 3d 93, 101–07, 111 (D.D.C. 2015). The Court found that there were "no systemic problems or failures in Defendants['] implementation of the judgment." *Id.* It noted "a few refinements to Defendants' forms and procedures" that would "further facilitate [their] reasonable efforts to implement the judgment" and ordered Defendants to adopt those measures. *Id.* at 111–12. But the Court denied a motion for post-judgment

4

discovery and a motion to modify the judgment in aid of enforcement, concluding that Kifafi had not "made a *prima facie* showing that Defendants have been non-compliant with the Court's order." *Id.* at 110.

Shortly before the deadline the Court had set for the end of its "exclusive and continuing jurisdiction," Kifafi filed a Motion for Reconsideration. *See* Pl.'s Mot. for Reconsideration, ECF No. 401. In response, the Court ordered that its jurisdiction over the relevant issues would "continue . . . to ensure the judgment is implemented properly." Order (Feb. 19, 2015), ECF No. 406, at 1–2. The Court later granted Kifafi's motion in part, denied it in part, and held it in abeyance in part. *See* 107 F. Supp. 3d 154, 169 (D.D.C. 2015). In doing so, the Court stated that "jurisdiction over the implementation of the judgment in this matter shall continue only for the purpose of resolving the discrete issues" on which the Court had held its ruling in abeyance. *Id.*

The Court resolved each of the remaining issues in December 2015, denying the remainder of Kifafi's Motion for Reconsideration and modifying Hilton's obligations to search for class members and report on the progress of its efforts. *See* 124 F. Supp. 3d 27, 34 (D.D.C. 2015). The Court noted that Hilton has continuing "obligations to class members or beneficiaries that have already been identified or who will be identified by other means in the future." *Id.* But the Court concluded the time had finally come to terminate its active supervision of the implementation of its judgment. *See id.* The Court therefore advised the parties that "[t]he Court's jurisdiction over this matter" had "concluded" and ordered that the action be dismissed "in its entirety." *Id.*

Kifafi appealed this Court's resolution of his Motion for Reconsideration and related issues. *See* Notice of Appeal, ECF No. 436. While this appeal was pending, Kifafi requested that this Court "order Hilton to prepare a verified status report or authorize post-judgment discovery on compliance with this Court's Orders on locating addresses and mailing benefit notices to unpaid

5

class members." Pl.'s Notice (May 12, 2017), ECF No. 437, at 7.  This Court denied that request, reiterating that the Court's active supervision of Hilton's compliance had ended in December 2015 and noting that Kifafi's Notice of Appeal had divested this Court of jurisdiction over issues related to the appeal.  *See* Order (Oct. 10, 2017), ECF No. 447.  Kifafi then amended his Notice of Appeal to encompass this ruling.  *See* Amended Notice of Appeal, ECF No. 447.

In February 2019, the D.C. Circuit affirmed this Court's disposition of Kifafi's February 2015 Motion for Reconsideration and its 2015 and 2017 decisions not to allow post-judgment discovery.  *See Kifafi v. Hilton Hotels Ret. Plan*, 752 F. App'x 8, 10 (D.C. Cir. 2019).

In May 2020, Kifafi moved for an order directing Hilton to show cause why it should not be held in contempt and to prepare an equitable accounting of its efforts to implement the Court's August 2011 judgment.  *See* Pl.'s Mot. to Show Cause and for Equitable Accounting, ECF No. 451.  Hilton opposed Kifafi's motion and filed a cross-motion for an order enjoining Kifafi and his counsel from making class-wide communications without authorization from this Court.  *See* Defs.' Opp'n to Pl.'s Mot. to Show Cause and for Equitable Accounting, ECF No. 453; Def.'s Cross-Mot. for Order, ECF No. 454.

In March 2021, this Court denied Kifafi's motion for a show-cause order and an equitable accounting and Hilton's cross-motion for an order enjoining Kifafi and his counsel from engaging in class-wide communications without leave of the court.  Order (Mar. 1, 2021), ECF No. 458.  The Court declined to grant the requested relief, explaining that its "jurisdiction in this matter ended over five years ago" in December 2015.  *Id.* at 2 (citing 124 F. Supp. 3d 27, 34 (D.D.C. 2015)).

Kifafi then appealed the denial of his motion for a show-cause order and an equitable accounting.  *See* Notice of Appeal, ECF No. 459.  On appeal, the D.C. Circuit clarified that this

Court retains ongoing authority to evaluate Hilton's compliance with the permanent injunction and award appropriate relief, notwithstanding this Court's statement in December 2015 that its "jurisdiction" over this matter had "concluded." *Kifafi v. Hilton Hotels Ret. Plan*, No. 21-7025, 2022 WL 2280296, at *1–2 (D.C. Cir. June 24, 2022). Because this Court's March 2021 Order had relied on the termination of "jurisdiction" as the basis for denying Kifafi's requested relief, the D.C. Circuit vacated that Order and remanded for further proceedings. *Id.* at *2.

On remand, this Court directed Kifafi to file a renewed motion for post-judgment discovery. Min. Order (Sept. 6, 2022). Kifafi filed such a motion, which Hilton opposed. *See* Pl.'s Mot. for Post-Judgment Discovery and Accounting, ECF No. 463; Defs.' Opp'n to Pl.'s Mot. for Post-Judgment Discovery and Accounting, ECF No. 464. Kifafi later filed a motion for leave to supplement the record, which Hilton also opposed. Pl.'s Mot. for Leave to Supplement the Record, ECF No. 467; Defs.' Opp'n to Pl.'s Mot. for Leave to Supplement the Record, ECF No. 468. These motions are now ripe for decision.

## II. LEGAL STANDARD

A court may order post-judgment discovery "as part of its inherent power to enforce its judgments." *Damus v. Nielsen*, 328 F.R.D. 1, 3 (D.D.C. 2018) (JEB) (quoting *Cal. Dep't of Social Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008)). A court should grant such discovery if "significant questions regarding noncompliance [with a court order] have been raised." *Id.* (quoting *Leavitt*, 523 F.3d at 1034). "[A] district court should give careful attention to" a motion for discovery to investigate potential noncompliance with a judgment. *Leavitt*, 523 F.3d at 1033. "However, before a court may permit extensive discovery of suspected violations of its judgment, there should be at least a *prima facie* showing by the aggrieved party of disobedience of the judgment." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 515 F. Supp. 798, 799 (W.D. Okla. 1980). When determining whether the moving party has made the necessary showing, a court may

7

consider contrary evidence of compliance offered by the nonmoving party.  *See id.* at 800.  If "evidence of compliance and noncompliance ha[s] been thoroughly aired and the remaining evidence [is] barely relevant, denying further discovery [is] not an abuse of discretion."  *Leavitt*, 523 F.3d at 1033.

Courts may also allow parties to supplement the record with new factual material.  *See Marsh v. Johnson*, 263 F. Supp. 2d 49, 53 (D.D.C. 2003) (RMU).  Unlike a motion to supplement a pleading, which is governed by Federal Rule of Civil Procedure 15(d), a motion to supplement the record with factual material "rests entirely on the court's discretion."  *Id.*  A court may grant such a motion when the proposed supplement "would be helpful" to the court or when doing so would "promote[] the fair administration of justice."  *See Pao Tatneft v. Ukraine*, No. 17-cv-582, 2020 WL 2476034, at *2 (D.D.C. May 13, 2020) (CKK) (first quoting *Infrastructure Limited v. Kingdom of Spain,* No. 18-cv-1696 (D.D.C. Apr. 1, 2019) (CKK) (Minute Order); and then quoting *Filiba v. Cochrane U.S.A, Inc.*, No. 18-cv-1428 (D.D.C. Dec. 3, 2018) (EGS) (Minute Order)).

### III. ANALYSIS

#### A.     Kifafi may supplement the record.

At the threshold, the Court shall grant Kifafi's [467] Motion for Leave to Supplement the Record in Support of the Motion for Post-Judgment Discovery and Accounting.  In this Motion, Kifafi seeks leave to file two declarations and correspondence related to the claims of one class member who, Kifafi alleges, may not have received the full amount due to her under the terms of the Court's judgment.  *See* Pls.' Mot. for Leave to Supplement, ECF No. 467, at 3–4.

Allowing the proposed supplement is consistent with the "fair administration of justice."  *See Pao Tatneft*, 2020 WL 2476034, at *2.  The proposed supplement provides information relevant to Kifafi's pending [463] Motion for Post-Judgment Discovery that was not known to

8

Kifafi's counsel at the time of filing that motion. *See* Pls.' Mot. for Leave to Supplement, ECF No. 467, at 6. Any prejudice to Defendants is mitigated by the fact that Defendants have had a full and fair opportunity to respond to the proposed supplement and present arguments about its probative value or lack thereof. In fact, Defendants have already taken full advantage of that opportunity, including by filing proposed exhibits of their own. *See* Defs.' Opp'n to Pls.' Mot. for Leave to Supplement, ECF No. 468.

The Court shall therefore grant Kifafi's [467] Motion for Leave to Supplement the Record. The exhibits attached to Kifafi's [467] Motion, Hilton's [468] Opposition, and Kifafi's [469] Reply are accepted as filed, and the Court has considered them in its deliberations on Kifafi's [463] Motion for Post-Judgment Discovery and Accounting.

> **B.    Kifafi has not shown that there are "significant questions" regarding Defendants' compliance with the judgment that warrant further discovery.**

The primary issue before the Court is Kifafi's request for an order for post-judgment discovery and an equitable accounting of Hilton's efforts to comply with the Court's August 2011 judgment. *See* Pl.'s Mot., ECF No. 463. In support of this request, Kifafi offers circumstantial evidence that Hilton has not fully complied with the Court's order to "award back payments and commence increased benefits to all class members" in specified amounts "[a]s soon as administratively feasible." *See* Pl.'s Mot. at 12–14 (quoting Order (Aug. 31, 2011), ECF No. 258, at 9).

Kifafi's evidence is as follows. First, records that Kifafi received from Hilton show that in the two years after this Court ended its active supervision of Hilton's compliance, Hilton paid benefits to 187 individuals out of an "unpaid population" of 8,199 individuals. Pl.'s Mot. at 8 & Exs. 1–2 (ECF No. 463-5 to 463-6). Second, annual reports that Hilton has filed with the Department of Labor show that there has been "no significant improvement" in Hilton's payments

to beneficiaries "in any of the following years" and that the rate of payment has fallen "90–95% below the [rate] from April 2014 to March 2015." *Id.* at 8, 13 & Ex. 3 (ECF No. 463-7). Third, Kifafi's annual financial reports show that the amount it has paid out in benefits did nor substantially increase after 2015. *Id.* at 15 & Ex. 4 (ECF No. 463-8). Fourth, responses to a survey of class members that Kifafi's counsel commissioned in 2019 suggested that only 16% of the 8,199 individuals in the "unpaid population" as of 2015 had since been paid, and some respondents to the survey indicated that they had not received payments despite apparently being eligible to receive them. *Id.* at 15–16 & Ex. 5 (ECF No. 463-9). Sixth, documents that Kifafi's counsel received through a Freedom of Information Act request to the Department of Labor show that the Department investigated Hilton's practices for identifying and notifying Plan participants of their benefits and that Hilton made changes in response to the investigation. *Id.* Ex. 15 (ECF No. 463-19). Seventh, a declaration from one class member indicates that she received a payment for less than the full amount due to her under the terms of the Court's judgment. *See* Pls.' Mot. for Leave to Supplement, ECF No. 467, at 3–4 & Ex. 1 (ECF No. 467-1).

Hilton has responded to this evidence with a detailed rebuttal, first providing context for Kifafi's evidence and then offering additional evidence of Hilton's ongoing efforts to comply with the Court's judgment. *See* Def.'s Opp'n at 13–25; Dennard Decl. ¶¶ 4–13. In summary, Hilton explains that it continues to make diligent efforts to locate and notify eligible class members of their benefits, but despite Hilton's best efforts, many people have not responded to these notices. *See* Def.'s Opp'n at 14–15; *see also* Dennard Decl. ¶ 6. To assist in its efforts to find eligible recipients, Hilton continues to use the services of a third-party locator, Pension Benefit Information Inc. ("PBI"), which this Court specifically approved for this purpose. *See* Dennard Decl. ¶ 7, 11; 124 F. Supp. 3d at 33. Hilton has also engaged a second third-party locator, InfoAge, to assist in

this process.  Dennard Decl. ¶¶ 7, 11.  On a quarterly basis, Hilton sends information to PBI about participants for whom it has received notice that mail was undeliverable, and PBI searches for alternative addresses for those people.  *Id.* ¶ 11.  Hilton also conducts "address searches and death searches" using both PBI and InfoAge at least once each year.  *Id.* ¶ 7.  Finally, Hilton works with a service provider called LifeWorks to identify heirs and others who may be eligible to receive benefits from the Plan.  *Id.* ¶ 12.  Once Hilton confirms an address for a Plan participant, it sends a variety of notices, including an annual notice informing the participant about how to contact the Plan and obtain an estimate of available benefits.  *Id.* ¶ 8.

Hilton reports that as of October 2022, there were 2,791 class members who had yet to be paid retirement benefits, out of a total class of more than 20,000 individuals.  Dennard Decl. ¶ 4; *cf.* Pienta Decl., ECF No. 463-3, ¶ 3.  Of those 2,791, Hilton determined that 697 were not yet eligible to begin receiving benefits and 1,439 had received notice of their benefits but not yet taken action to claim them.  Dennard Decl. ¶ 4.

As this Court first explained more than a decade years ago, the Court evaluates Hilton's compliance with the judgment in this case primarily based on (1) "the efforts Hilton has made to reach and pay all class members" and (2) "the number of class members Hilton has paid or for whom Hilton has otherwise satisfied the judgment."  79 F. Supp. 3d 93, 102 (D.D.C. 2015).  Recognizing that "the status of Plan participants and benefits due is perpetually changing," this Court has refused to find noncompliance based on isolated instances of failure to pay eligible class members the full amounts to which they are entitled.  *Id.*  On the contrary, the Court has recognized that there may be "instances where individual adjustments for individual class members need to be made through Hilton's [internal] claims appeals process" and that the need for this process does not call into question Hilton's compliance with the judgment.  *Id.* at 104.  The Court has also stated

11

that evidence of "room for improvement" in Hilton's efforts to identify class members eligible for increased benefits "does not undermine the conclusion that Defendants' efforts to locate class members are in compliance with the Court's judgment." *Id.* at 104–05.  Similarly, the Court has concluded that "[e]vidence that [a small number of] class members allegedly received inaccurate information [from Defendants] does not support a finding that Defendants have not complied overall with the Court's judgment." *Id.* at 106.  In sum, when assessing Hilton's compliance with the judgment, "the Court is looking for systemic problems or failures," not isolated mistakes or instances of less-than-ideal performance. *Id.* at 102.

Measured against these standards, Kifafi's evidence does not raise "significant questions" about Hilton's compliance with the Court's August 2011 judgment. *See Damus*, 328 F.R.D. at 3. At most, his evidence shows that Hilton's progress in identifying and paying eligible class members has slowed in the years since the Court entered judgment, with occasional missteps and miscommunications with class members along the way. *See, e.g.*, Pl.'s Mot., ECF No. 463, at 8, 15–16 & Exs. 1–2, 5 (ECF Nos. 463-5 to 463-6, 463-9); Pls.' Mot. for Leave to Supplement, ECF No. 467, at 3–4 & Ex. 1 (ECF No. 467-1).  Both of those outcomes are to be expected.  With each passing year, there are fewer class members left for Hilton to find.  *See* Dennard Decl. ¶ 6. Moreover, as time passes, the remaining class members are further removed in time from their service with Hilton.  That growing temporal distance might make it both more difficult for Hilton to locate class members and less likely that class members will respond to its notices.  The passage of time also makes it more likely that Hilton will make occasional mistakes in its dealings with class members, such as providing incomplete information because the relevant records are dated and difficult to find.  The Court expects Hilton to remain vigilant against each of these dangers and to tailor its implementation efforts accordingly.  But because the present record does not raise

"significant questions" about Hilton's compliance with the Court's judgment, post-judgment discovery to enforce that expectation is not warranted. *See Damus*, 328 F.R.D. at 3.

Today's ruling is consistent with several prior rulings in which this Court has rejected requests from Kifafi's counsel for post-judgment discovery or appointment of a monitor to oversee Hilton's compliance with the Court's judgment. *See* 736 F. Supp. 2d 64, 84–85 (denying request for appointment of class action administrator); 826 F. Supp. 2d 25, 37 (providing mechanism to present vesting and benefit disputes to a magistrate judge, but rejecting proposal to appoint a special master); Order (Oct. 11, 2013), ECF No. 366, at 6 (denying request for a monitoring plan); 79 F. Supp. 3d 93, 110–11 (denying request for post-judgment discovery and a detailed compliance plan); Order (Oct. 10, 2017), ECF No. 447, at 4 (denying request for post-judgment discovery). As was true of each of Kifafi's prior requests, Kifafi's pending motion does not show "systemic problems or failures in Defendants' implementation of the judgment" that would warrant more intrusive and costly supervision of Hilton's ongoing compliance. *See* 79 F. Supp. 3d at 102.

Kifafi's failure to make the required showing to justify reopening discovery at this stage does not preclude him from seeking other relief in the future. Hilton has an ongoing obligation to "award back payments and commence increased benefits for all class members" "[a]s soon as administratively feasible." Order (Aug. 31, 2011), ECF No. 258, at 9. Should Hilton's efforts to uphold this obligation break down, "class members retain the enforcement rights of a party to a permanent injunction." *Kifafi v. Hilton Hotels Ret. Plan*, 752 F. App'x 8, 9 (D.C. Cir. 2019); *see also* No. 21-7025, 2022 WL 2280296, at *1 (D.C. Cir. June 24, 2022). Accordingly, this Court shall deny Kifafi's motion, but that denial shall be without prejudice. If there are "systemic problems or failures" in Hilton's efforts to satisfy its ongoing obligations to class members in the future, this Court will entertain a motion for suitable relief at that time. *See* 79 F. Supp. 3d at 102.

## IV. CONCLUSION

For the foregoing reasons, the Court shall **GRANT** Kifafi's [467] Motion for Leave to Supplement the Record and **DENY WITHOUT PREJUDICE** Kifafi's [463] Motion for Post-Judgment Discovery and Accounting. An appropriate Order accompanies this Memorandum Opinion.

**Dated:** March 19, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge